IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS POLICE DEPARTMENT,<br><br>Defendant. | CV-18-00045-GF-BMM-JTJ<br><br>ORDER |

Plaintiff Brian Azure filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during the course of his arrest on January 24, 2018. (Doc. 2.) Mr. Azure failed to name a proper defendant and his claims may be barred by the doctrines set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971). He will be given an opportunity to file an amended complaint.

I. STATEMENT OF THE CASE

A. Parties

Mr. Azure is a former prisoner proceeding without counsel and in forma pauperis. He was incarcerated at the Cascade County Detention Facility in Great Falls, Montana at the time he filed his Complaint but his April 19, 2018 Notice of

1

Change of Address indicates that he has been released from custody. (Doc. 8.) He names the Great Falls Police Department as the only Defendant. (Complaint, Doc. 2 at 1.)

### B. Allegations

Mr. Azure alleges that on January 24, 2018, he was approached by Great Falls Police Officer Kevin Supalla at his brother's residence. He was searched, handcuffed, placed in a police cruiser, and taken to the Loaf N' Jug Convenience Store. He claims he was not read his Miranda rights. Officer Supalla left Mr. Azure in the police car but then returned and tried to get Mr. Azure to admit that he threatened the clerk at the convenience store. He continued to attempt to coerce Mr. Azure to make this admission on the ride to the jail. Mr. Azure was charged with robbing the store. (Complaint, Doc. 2 at 1-2.)

## II. INITIAL SCREENING

Mr. Azure was a prisoner at the time he filed his Complaint and he is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

3

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

### A. Proper Defendant

Mr. Azure names the Great Falls Police Department as the only Defendant in this action. The Great Falls Police Department is a departmental subunit of the City of Great Falls lacks the capacity to be sued. In general, pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, a particular defendant's capacity to be sued in federal court is determined by the law of the state where the court is located. *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). Thus, the Court looks to Montana law to determine whether the Great Falls Police Department is a proper defendant.

Under Montana law, a "governmental entity" includes "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). A "political subdivision," in turn, is "any county, city, municipal corporation, school district, special improvement or taxing district, other political subdivision or public corporation, or any entity created by agreement between two or more political subdivisions." Mont. Code Ann. § 2-9-101(5). A "municipality" is defined as "an entity that incorporates as a city or town." Mont. Code Ann. § 7-1-4121. A "city" is defined as "a body politic and corporate with the general powers of a corporation and the powers specified or necessarily implied in this title or in special laws heretofore

5

enacted." Mont. Code Ann. § 7-1-4101.

Under Montana law, a municipality has the power to sue and be sued. Mont. Code Ann. § 7-1-4124. A city's departments, by contrast, are not included within the definitions of a "governmental entity," a "political subdivision," or a municipality and, therefore, are not included within the category of entities that are subject to suit under Montana law.

Further, city departments are not separately subject to liability for Mr. Azure's federal claims advanced under 42 U.S.C. § 1983. Section 1983 imposes liability against every "person" as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. For purposes of liability under section 1983, "municipalities and other local governmental units" are "persons" within the meaning of the statute, and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). But the subunits or departments of those local governmental units are not "persons" "distinct from the government[al unit] at large." *Burkhart v. Knepper*, 310 F. Supp. 2d 734, 738 (W.D. Pa. 2004) (citations and quotations

omitted). For purposes of section 1983 liability, those subunits or departments are merely the "vehicle[s] through which the [governmental entity] fulfills its [ . . . ] functions." *Id.*

Thus, where a subunit or department of a governmental entity has no legal existence separate from the larger governmental entity, it is not a "person" under section 1983, and is subject to dismissal. *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991); *see also Brandon v. Holt*, 469 U.S. 464, 472 (1985) (noting that absent the separate legal existence of a governmental entity's department, a suit against that department is construed as a suit against the governmental entity) (*citing Monell, 436 U.S. at 690 n.55*). A governmental entity's department or subunit is an inappropriate party to a section 1983 action. *Alston v. County of Sacramento*, 2012 WL 2839825, *2 (E.D. Cal. 2012).

Because the Great Falls Police Department does not exist as a governmental entity or political subdivision with the capacity to be sued under Montana law (Mont. Code Ann. §§ 2-9-101(3) and (5) and 2-9-102), it is not a proper defendant with respect to Mr. Azure's section 1983 claims, and it is subject to dismissal.

To the extent, Mr. Azure seeks to hold the City of Great Falls liable for Officer Supalla's alleged acts, he has failed to state a federal claim. Although a local governmental entity such as the City can be held liable under section 1983

(*Monell*, 436 U.S. at 690), such liability arises only if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The Ninth Circuit has identified the following requirements for municipal liability:

> [t]o impose municipal liability under § 1983 for a violation of constitutional rights plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.'"

*Plumeau v. School District #40*, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted).

Mr. Azure makes no separate allegation against the City of Great Falls and as such his Complaint is insufficient to state a claim for relief against the City under the standards set forth above. The Court will, however, allow him to file an amended complaint to cure the defects in his allegations.

**B. False Arrest**

In addition to failing to name a proper Defendant, Mr. Azure's allegations are insufficient to state a federal claim for relief. The Court liberally construes Mr. Azure's claim to arise under the Fourth Amendment. A plaintiff may state a

claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due unlawful seizure based upon a false arrest. To state such a claim a complaint must allege facts showing that the defendant "by means of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff. *Graham v. Conner*, 490 U.S. 386, 395, n. 10 (1989)(*citing Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968) and *Brower v. County of lnyo*, 489 U.S. 593, 596 (1989) ). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause is established when at the time of the arrest "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001) (quotation omitted). Mr. Azure has not alleged that he was arrested or detained without probable cause and as such he has failed to state a Fourth Amendment claim arising from the January 24, 2018 arrest.

### C. Potential Bars to Mr. Azure's claims

Mr. Azure indicates in his Complaint that after the incidents alleged in the

Complaint he was charged with robbing a convenience store. He does not, however, indicate the status of those criminal charges. (Complaint, Doc. 2.) The Court can foresee three possibilities regarding the status of those charges, either they are pending, Mr. Azure was convicted of those charges, or those charges have been dismissed or otherwise resolved in Mr. Azure's favor. This matter can only proceed if the charges have been resolved in Mr. Azure's favor.

Even if Mr. Azure is able to state a Fourth Amendment claim and name a proper Defendant, as a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (*citing Heck v. Humphrey*, 512 U.S. 477 (1994)).

In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

10

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. Therefore the court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Thus, if Mr. Azure has been convicted of the charges for which he was arrested on January 24, 2018, the *Heck* bar could apply to Mr. Azure's claims.

If the charges against Mr. Azure remain pending then the Court would be required to abstain from hearing Mr. Azure's claims at this time. Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City*

*of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013)). Where all elements are met, the court must dismiss claims for equitable relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of the underlying criminal

12

proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

As such, if the criminal charges against Mr. Azure remain pending then any claims for equitable relief will need to be dismissed and claims for damages will need to be stayed pending resolution of the underlying criminal proceedings.

## IV. CONCLUSION

The Court has considered whether Mr. Azure's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Azure's allegations, as currently plead, are insufficient to state a claim and are subject to dismissal. Mr. Azure will be given an opportunity to file an amended complaint to name a proper defendant, provide factual allegations to support his Fourth Amendment claim, and to clarify the status of the state court charges against him arising from the January 24, 2018 arrest.

### A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. Once Mr. Azure files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Azure fails to use

the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Mr. Azure may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Azure believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Azure's rights; (5) when the alleged actions took place; and (6) what injury Mr. Azure suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Azure must repeat this process for each defendant. He must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each claims applies. If Mr. Azure fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

**B. Possible "Strike"**

If Mr. Azure's amended complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes"

14

provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**C. Possible Dismissal**

If Mr. Azure fails to timely comply with every provision of this Order, this case may be dismissed. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Azure may file an amended complaint on the form to be provided by the Clerk of Court's Office. If no amended complaint is filed on or before November 26, 2018, this matter will be recommended for dismissal.

2. At all times during the pendency of this action, Mr. Azure must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 25th day of October, 2018.

                                                  */s/ John Johnston*
                                          John Johnston
                                          United States Magistrate Judge