IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS POLICE DEPARTMENT,<br><br>Defendant. | CV-18-00045-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 25, 2018, this Court issued an Order finding that Plaintiff Brian Azure's Complaint failed to name a proper defendant and that his claims appeared to be barred by the doctrines set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971). He was given an opportunity to file an amended complaint but failed to do so.

Accordingly, for the reasons set forth in the Court's October 25, 2018 Order (Doc. 9), the Court finds that Mr. Azure has failed to state a federal claim upon which relief may be granted, and therefore issues the following:

**RECOMMENDATIONS**

1.  This matter should be DISMISSED for failure to state a federal claim against a proper defendant.

1

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Azure may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Azure is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 2nd day of January, 2019.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge